IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHN ALVIN FARGIS, JR.                                                                                    PLAINTIFF

v.                            Civil No. 1:23-CV-01016-SOH-BAB

CAPTAIN RICHARD MITCHAM, Jail Administrator, Union County
Detention Center (UCDC);
OFFICER GILBERT, Narcotics Division, El Dorado Police Department;
SHERIFF RICKY ROBERTS, Union County, Arkansas; and
DR. DEANA HOPSON, Physician, UCDC,
                                                                                                         DEFENDANTS.

**ORDER**

Plaintiff John Alvin Fargis, Jr., a pretrial detainee at the Union County Detention Center (UCDC),[1] filed the above-captioned pro se civil rights action under 42 U.S.C. § 1983. (ECF No. 1). This Court previously granted Plaintiff's application to proceed *in forma pauperis* (IFP). (ECF No. 6).

This action is now before the Court to address Plaintiff's misjoinder of parties pursuant to Rule 21 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 21 (authorizing the court to add or drop a party on motion or on its own).

**I.     BACKGROUND**

Plaintiff identifies four claims. First, Plaintiff asserts that he served 81 days in jail—from March 11, 2022, to June 2, 2022—for a fine that had already been paid. (ECF No. 1 at p. 4).

---

[1] This action is almost identical to *Fargis v. Gilbert, et al.*, 1:21-CV-01051-SOH (W.D. Ark. Oct. 29, 2021) (*Fargis I*). The only difference between this action and *Fargis I* is that in *Fargis I* Plaintiff also alleges that the same defendants denied him proper medical care in violation of his constitutional rights by depriving him of his prescription for medial marijuana. *Id.* (ECF No. 1). *Fargis I* action was dismissed without prejudice on the Defendants' motion for failure to prosecute. *Id.* (ECF No. 39).

Plaintiff claims that he brought the matter to Cpt. Mitcham's attention, but he did nothing about it. According to Plaintiff, Judge Singleton dismissed the case on June 2, 2023, because he saw it was a clerical error. *Id.*

Second, Plaintiff claims that Cpt. Mitcham put him in danger during his incarceration from August through November 2021. According to Plaintiff, during a COVID-19 outbreak at the UCDC, the facility instituted a "step down" process from booking to the general population. *Id.* at p. 6. Plaintiff claims that he "passed all his tests," and was placed in general population, but "some people was fixing to beat [him] up" so he asked to be moved. *Id.* Plaintiff asserts that Cpt. Mitcham then transferred him to "the hole (lock down)." *Id.* After two weeks, Plaintiff reports that he later argued with Cpt. Mitcham when was told he was not going to be moved. Plaintiff claims that Cpt. Mitcham gave him another COVID-19 test, which was negative, but then Cpt. Mitcham let someone who was positive for COVID-19 into the cell before him. Plaintiff claims that when he was then let into the cell, he contracted COVID-19. Plaintiff claims that Cpt. Mitcham intentionally put someone with COVID-19 in the cell before him so that he would contract COVID-19. *Id.* at p. 6.

Third, Plaintiff claims that Officer Gilbert intentionally endangered his life by identifying him as a confidential informant. *Id.* Plaintiff claims that he is now "marked for death by the public." *Id.* Fourth, Plaintiff claims that his jaw did not heal properly after a slip-and-fall in the shower because Dr. Hopson refused to x-ray his jaw. *Id.* at p. 9. Plaintiff names Cpt. Mitcham and Officer Gilbert as defendants in their official and individual capacities. Plaintiff is requesting compensatory and punitive damages and an order requiring Sheriff Ricky Roberts to fix the lighting in the showers.

## II. DISCUSSION

Plaintiff's four claims are related only insofar as they have been brought in the same action. "Although plaintiff generally has the prerogative of joining multiple defendants or bringing separate actions, there are limitations on this right." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1657 (3d ed. 1998 & Supp. 2021). Rule 20(a)(2) of the Federal Rules of Civil Procedure governs the scope of the plaintiff's right to join parties in one action:

> Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Rule 20(a)(2), therefore, encapsulates the rule that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Addressing joinder is particularly important in prisoner litigation to prevent litigants from avoiding filing fees and the "three-strikes" rule under 28 U.S.C. § 1915(g). *Id.*

Here, Plaintiff identifies defendants Cpt. Mitcham, Officer Gilbert, and Dr. Hopson as individually involved in three distinct instances. For example, Plaintiff identifies Dr. Hopson as responsible for providing constitutionally inadequate medical care, but she is not alleged to have been involved in the decision to allow him out into a cell that had previously been occupied by a

3

detainee who was positive for COVID-19. Further, there are no allegations that any of these defendants except Officer Gilbert endangered his life by disclosing his role as a confidential police informant. These defendants, therefore, are improperly joined in this action.

Pursuant to Rule 21, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. However, the Court may at any time drop parties or sever any claim against a party. *Id.* "'[S]everance under Rule 21 creates two separate actions where previously there was but one.'" *Reinholdson v. Minnesota*, 346 F.3d 847, 850 (8th Cir. 2003) (quoting *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983)).

Accordingly, the Clerk is directed to:

(1) sever the Plaintiff's claim against Officer Gilbert and open a separate lawsuit in Plaintiff's name listing him as the Defendant;

(2) sever Plaintiff's claim against Dr. Hopson and open a separate lawsuit in Plaintiff's name listing her as the Defendant;

(3) file a copy of the Complaint in the severed cases;

(4) file a copy of the *in forma pauperis* application in the severed cases;

(5) file a copy of this Order in the severed cases;

(6) collect the $350 filing fee from Plaintiff in each case; and

(7) terminate the severed Defendants from this case.

IT IS SO ORDERED this 28th day of March 2023.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE