IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHN ALVIN FARGIS, JR.,
                                                PLAINTIFF

v.                            Civil No. 1:23-CV-01016-SOH-BAB

CAPTAIN RICHARD MITCHAM,
Jail Administrator, Union County Detention Center ("UCDC"),
                                                DEFENDANT.

**ORDER**

Plaintiff John Alvin Fargis, Jr., a prisoner,[1] has filed the above-captioned civil rights action under 42 U.S.C. § 1983. (ECF No. 1). This Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). (ECF No. 6). This matter is currently before the Court on Plaintiff's Motion to Compel and Motion for Extension of Time. (ECF No. 43). Defendant has filed no response to Plaintiff's motion, and the deadline for filing a response has passed. This motion is therefore now ripe for the Court's consideration.

**BACKGROUND**

Relevant here, on October 18, 2024, this Court entered an initial scheduling order requiring parties to complete discovery by February 17, 2025, and directing the Defendant to file a motion for summary judgment by March 17, 2025. (ECF No. 35). On November 5, 2024, Plaintiff filed a motion for subpoenas. (ECF No. 36). That motion was later denied as premature because Plaintiff had failed to assert any facts showing that he had first attempted to obtain the requested

---

[1] Plaintiff was an inmate at the Union County Detention Center ("UCDC") during the events giving rise to his claims. (ECF No. 14). He is currently incarcerated at the Southwest Arkansas Community Correction Center ("SWACCC").

1

information directly from the Defendant as the initial scheduling order requires. (ECF No. 38). On December 2, 2024, Defendant filed notice with the Court of Defendant's compliance with the initial scheduling order requiring the Defendant to serve initial disclosures on Plaintiff. (ECF No. 37).

      Almost two months later, however, Plaintiff filed a Motion to Compel, asserting that the facility where he is currently incarcerated confiscated the Defendant's initial disclosures as contraband because Defendant provided them on a "flash drive." (ECF No. 39). Plaintiff requested an order compelling the Defendant to provide him with discovery. *Id.* In response, Defendant filed a Motion for Extension, requesting a two-week extension of time to provide discovery and to file a motion for summary judgment. (ECF No. 40). According to Defendant, the parties had agreed that Defendant would send discovery to Plaintiff's sister who, in turn, would also disclose relevant material to the Defendant. *Id.* On February 20, 2025, upon review of Plaintiff's motion and Defendant's responsive motion, this Court denied Plaintiff's Motion to Compel as moot, finding that the parties had resolved the discovery issue on their own without court involvement. (ECF No. 41). This Court also granted the parties a one-month extension of time to complete discovery and a one-month extension of time to submit a motion for summary judgment. (ECF No. 42).

      That same day, Plaintiff filed a Motion to Compel (his second) and a Motion for Extension of Time to Complete Discovery. (ECF No. 43). The Motion to Compel asserts that defense counsel has not provided all the discovery he has requested, including, but not limited to, his jail record, and his medical records from TurnKey from August 2021 to November 2021. *Id.* Plaintiff also says that his sister cannot locate his records. Plaintiff says that he will be released from prison

2

in March and will then be able to locate his own records. *Id.* Defendant has filed no response to this motion and the deadline for filing a response has expired.

## ANALYSIS

Plaintiff requests two grounds for relief: (1) an extension of time to complete discovery and (2) an order compelling the Defendant to produce discovery. The Court addresses these requests in reverse order.

First, the Court "has very wide discretion in handling pretrial discovery matters . . . ." *See United States ex rel. Kraxberger v. Kansas City Power & Light Co.,* 756 F.3d 1075, 1082 (8th Cir. 2014). This Court denied Plaintiff's first Motion to Compel as moot because Defendant's responsive motion indicated that the parties had resolved the discovery issue on their own, (ECF No. 41). It is entirely unclear whether Plaintiff's second Motion to Compel identifies a *new* issue, or if he submitted his motion for filing before the Defendant executed the plan to address his first motion to compel. For his part, Defendant has not responded to Plaintiff's second Motion to Compel, contributing to the uncertainty regarding the status of discovery in this case. In any event, contrary to the initial scheduling order, this Court's Local Rules, and the Federal Rules of Civil Procedure, Plaintiff's second Motion to Compel does not include a statement certifying that Plaintiff first conferred with the Defendant regarding the outstanding discovery requests before filing a motion to compel, instead, Plaintiff merely asserts that defense counsel has not provided him with the requested information. *See* (ECF No. 35); Fed. R. Civ. P. 37(a)(1); Local Rule 7.2(g). Accordingly, Plaintiff's Motion to Compel is **DENIED**.

**That said, given the uncertainty regarding the status of discovery, Defendant shall provide an updated notice of defendant's disclosures to Plaintiff within 14-days of the date of this Order. Further, in accordance with the initial scheduling order, the Local Rules, and**

3

**the Federal Rules of Civil Procedure, the parties shall endeavor to resolve discovery disputes before involving the Court.** *See* **(ECF No. 35); Fed. R. Civ. P. 37(a)(1); Local Rule 7.2(g). Any motion to compel that does not include a statement certifying that the parties conferred before submitting the motion to compel will be denied for failure to comply with court orders and these rules.**

Second, this Court previously entered an initial scheduling order establishing deadlines to complete discovery and to submit a motion for summary judgment. (ECF No. 35). At Defendant's request, this Court subsequently modified these deadlines, extending the deadline to complete discovery to March 17, 2025, and the deadline to submit a motion for summary judgment to April 17, 2025. (ECF No. 42). On the same day this Court entered that Order, Plaintiff submitted his own Motion for an Extension of Time. *See* (ECF No. 43). As noted above, given the uncertainty surrounding the status of discovery, this Court is ordering the Defendants to submit an updated notice of defendant's disclosures. Accordingly, Plaintiff's Motion for an Extension of Time is hereby **GRANTED.**

**The parties shall complete discovery by April 17, 2025. The Defendant shall submit any motion for summary judgment by May 19, 2025. No further extensions of time shall be granted absent extraordinary circumstances.**

**IT IS SO ORDERED THIS 11th day of March 2025.**

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE